W. A. Berdine v. Commissioner.
W. Berdine v. Commissioner
Docket No. 39757.
United States Tax Court
1953 Tax Ct. Memo LEXIS 312; 12 T.C.M. (CCH) 344; T.C.M. (RIA) 53108; March 31, 1953
Reuben G. Clark, Jr., Esq., for the respondent. HARRON Memorandum Findings of Fact and Opinion The Commissioner determined the following deficiencies in income tax and additions for penalties under sections 293 (b), 294 (d) (1) (A), and 294 (d) (2) of the Code: Penalties
Section
Section
Section
Year
Tax Deficiency
293(b)
294(d)(1)(A)
294(d)(2)
1944
$1,010.89
$ 505.45
$101.09
$ 60.65
1945
4,005.08
2,002.54
400.51
240.30
1946
205.00
102.50
2.28
1949
103.00
51.50
Total
$5,323.97
$2,661.99
$501.60
$303.23
Findings of Fact The petitioner is a resident of Parkersburg, West Virginia. Notice of deficiencies in income tax for the years 1944, 1945, 1946, and 1949 was mailed to the petitioner by the Commissioner *313 on January 8, 1952. The petitioner's adjusted gross income as shown in his Federal income tax returns for the years 1944, 1945, 1946, and 1949, and his correct adjusted gross income were as follows: Adjusted Gross
Correct Adjusted
Year
Income Reported
Gross Income
1944
[6,193.94)
$ 6,963.53
1945
3,425.76
15,824.10
1946
3,181.15
4,386.67
1949
(8,960.65)
4,003.06
The income tax returns of the petitioners for 1944, 1945, 1946, and 1949 were false and fraudulent with intent to evade tax and did not state the true amount of income received. The petitioner at the time of filing his Federal income tax returns for the years 1944, 1945, 1946, and 1949 knew the same to be false and fraudulent, but, neverthless, filed them with the Commissioner of Internal Revenue intending that they should be received as true and correct. A part of the deficiency for each year was due to fraud with intent to evade tax. The petitioner failed to file a declaration of estimated tax for 1944 and 1945, and he failed to make a declaration of 80 per cent of the estimated tax due for each of the years 1944, 1945, and 1946. Opinion HARRON, Judge: There was no appearance *314 for the petitioner when this case came on for hearing. No evidence was presented on behalf of the petitioner. The Commissioner moved for judgment as to the deficiencies and additions for failure to file declaration of estimated tax as required by section 58 (a) of the Code, (section 294(d) (1) (A)), and for substantial understimate of estimated tax (section 294 (d) (2)), for failure of the petitioner to present any evidence. That motion was granted. The Commissioner also moved for judgment on the pleadings on the fraud issue as to which he had the burden of proof. Allegations in the answer, deemed admitted under the Rules of this Court, Rules 15 and 18, for failure of the petitioner to reply after due notice, support the Commissioner's burden on the fraud issue. Decision will be entered for the respondent.